Dear Representative Abramson:
You have requested an Attorney General's opinion regarding the applicability of state statutes requiring employers to obtain criminal history information for certain employees. Specifically, you have asked whether La.R.S. 17:15 regarding school employees and La.R.S. 15:587.1 regarding criminal history information require New Orleans Outreach ("NOO") to obtain criminal history information for employees and volunteers in positions of supervisory or disciplinary authority over children in its after school programs. As provided in your letter, NOO is a nonprofit organization which partners with public schools in Orleans Parish to provide after school programming, tutors and other enrichment activities in local schools. NOO relies heavily on both classroom teachers and volunteers to staff its programs.
As will be discussed below, it is the opinion of this office that neither La.R.S. 15:17, nor any other statute incorporated by reference in La.R.S. 15:587.1(A), nor La.R.S. 15:587.1 itself, require NOO to obtain criminal history information for employees, candidates for employment or volunteers in positions of supervisory or disciplinary authority over children in its after school programs. However, NOO may request the specified criminal history information for such persons pursuant to La.R.S. 46:51.2(F), and the failure to do so may expose NOO and any school board with which it contracts to an increased risk of liability.
We refer you to Act 760 of the 1986 Regular Session of the Louisiana Legislature ("Act 760"), also known as the Louisiana Child Protection Act. The statutory scheme enacted by Act 760 prohibits certain agencies and entities from hiring a person who has been *Page 2 
convicted of or has pled nolo contendere to a crime listed in La.R.S. 15:587.1(C)[1] in a position of supervisory or disciplinary authority over children and requires them to obtain criminal history information necessary to determine whether an employee, candidate for employment, or volunteer in such a position has been convicted of or plead nolo contendere to any criminal offense. The statutes identifying these employers are: La.R.S. 15:825.3 (operators, staff and employees of juvenile detention, correction or treatment facilities), La.R.S. 17:15 (school employees), La.R.S. 46:51.2 (employees and volunteers in child caring organizations), La. Children's Code Art. 424.1 (court appointed special advocate ("CASA") volunteers) and La.R.S. 46: 1441.13 (employees and residents in family child day care homes).
Act 760 also enacted § 587.1 of the Louisiana Code of Criminal Procedure, found at La.R.S. 15:587.1, which authorizes the Louisiana Bureau of Criminal Identification and Information ("Bureau") to provide criminal history information to eligible employers. The Bureau, which is part of the Office of State Police, is the central repository of criminal records information in Louisiana. La.R.S. 15:587.1 sets forth the requirements and procedures through which eligible employers may request from criminal history information from the Bureau and the requirements and procedures through which the Bureau must respond to such requests. Eligible employers are those employers identified in the five statutes referenced above, which are the same five statutes listed in La.R.S. 15:587.1 (A) and incorporated by reference therein. La.R.S. 15:587.1 provides in pertinent part as follows:
A. (1)(a) As provided in R.S. 15:825.3, R.S. 17:15, Children's Code Article 424.1, and R.S. 46:51.2 and 1441.13, any employer or others responsible for the actions of one or more persons who have been given or have applied to be considered for a position of supervisory or disciplinary authority over children . . . shall request in writing that the bureau supply information to ascertain whether that person or persons have been arrested for or convicted of, or pled nolo contendere to, any criminal offense. The request must be on a form prepared by the bureau and signed by a responsible officer or official of the organization or department making the request. It must include a statement signed by the person about whom the *Page 3 
request is made which gives his permission for such information to be released. [Emphasis added.]
(b) In responding to a request for information as provided for in Subparagraph (a) of this Paragraph, the bureau shall make available a record of all criminal arrests and convictions prior to the date of request. Any recipient of such information as provided in this Paragraph shall maintain the confidentiality of such criminal history information in accordance with applicable federal or state law.
La.R.S. 15:587.1, primarily a procedural statute, provides that eligible employers must request the information in writing on a form prepared by the Bureau. The request form must be signed by an officer of the agency or organization making the request and must contain written consent to release the information signed by the person for whom the request is being made. La.R.S. 15:587.1 does not prohibit an employer from hiring a person who has been convicted of or has entered a plea nolo contendere to the specified crimes, nor does it is require employers to obtain the specified criminal history information for such employees. La.R.S. 15:587.1 provides a means and procedure through which employers that are prohibited from hiring, and required to obtain criminal history information for, such a person may request the information through the Bureau.
In order to determine whether NOO is prohibited form hiring a person who has been convicted of or has pled nolo contendere to any of the specified crimes in positions of supervisory or disciplinary authority over children, we must review the statutes referenced in La.R.S. 15:587.1(A) to determine if any are applicable to NOO. For reasons provided below, we conclude that none of those statutes applies to NOO.
La.R.S. 15:825.3 prohibits the Department of Social Services ("DSS") from hiring an operator, staff person, or employee of a juvenile detention, correction, or treatment center if such person has been convicted of or has entered a plea of nolo contendere to a crime listed in La.R.S. 15:587.1 (C). This statute applies only to persons employed directly by DSS and is not applicable to NOO.
La.R.S. 17:15 prohibits city, parish, or other local public school board and nonpublic schools and school systems from hiring a person as a school employee if the person has been convicted of or has entered a plea nolo contendere to a crime listed in La.R.S. La. 15:587.1(C). This statute applies to local public school boards and nonpublic schools and school systems and is not applicable to NOO.
La. Children's Code Article 424.1 prohibits a judge from appointing a person as a CASA volunteer until the judge is satisfied with the volunteer's qualifications, training, and ability to serve as a CASA volunteer and a comprehensive criminal background check has been completed. This statute applies to judges appointing CASA volunteers, and is not applicable to NOO. *Page 4 
La.R.S. 46: 1441.13 pertaining to registration and licensure of a child day care home, prohibits such home from having in its employ, or living in the home, a person who has been convicted of or pled nolo contendere to a crime listed in La.R.S. 15:587.1(C). This statute applies to day care homes and family child day care homes and is not applicable to NOO.
La.R.S. 46:51.2 prohibits DSS from hiring a person for a position that includes supervisory or disciplinary authority over children until the person's fingerprints have been submitted to the Bureau, and it has been determined that the person has not been convicted of or pled nolo contendere to a crime listed in La.R.S. 15.587.1(C). This prohibition against hiring applies only to persons employed by DSS and is not applicable to NOO. However, the same statute allows, without requiring, NOO to request criminal history information for its employees and volunteers in positions of supervisory and disciplinary authority over children.
Based on the determination that NOO is not covered by any of the statutes incorporated by reference in La.R.S. 15:587.1(A), it is the opinion of this office that NOO is not prohibited from hiring such a person in its after school programs and is not required to obtain criminal history information for employees, candidates for employment or volunteers in positions of supervisory or disciplinary authority over children in its after school programs. We note, however, that the clear legislative intent of the Child Protection Act is to provide a safe environment for children who are under the supervision and control of persons other than family members. La.R.S. 17:15 specifically prohibits school boards from hiring a person who has been convicted of or pled nolo contendere to certain crimes as "a teacher, substitute teacher, bus driver, substitute bus driver, or janitor, or as a temporary, part-time, or permanent school employee of any kind." While La.R.S. 17:15 may not apply directly to NOO, it is the opinion of this office that a school board would be exposing itself to an increased risk of liability if it allowed entities with whom it contracts, such as NOO, to hire a person in a position of supervisory or disciplinary authority over children without requiring the entity to first obtain a criminal history review to determine whether the person has been convicted of or pled nolo contendere to a crime listed in La.R.S. 15:587.1(C).
Moreover, it is the opinion of this office that NOO may request criminal history information from the Bureau for employees, candidates for employment and volunteers in positions of supervisory or disciplinary authority over children in its after school programs pursuant to La.R.S. 46:51.2(E) and 51.2(F), which authorize a child care provider organization to request criminal history information for employees, candidates for employment and volunteers in positions of supervisory or disciplinary authority over children in the organization with the prior written consent of the person whose criminal history information is being requested. These Sections provide as follows:
E.(1) The department shall establish by regulation requirements and procedures consistent with the provision of R.S. 15:587.1 under which the *Page 5 
organizations listed in Subsection F may request information concerning whether or not a person in one of the following categories has been arrested for or convicted of or pled nolo contendere to any criminal offense: (a) Employees. (b) Candidates for employment. (c) Volunteer workers. (d) Persons living in a registered family child day care home.
 * * *
F. Any responsible officer or official, as the department may determine, of the following organizations or the department may request the specified criminal history information.
 * * *
(3)(a) Any other child care provider organization with the prior written consent of the person whose criminal history information is being requested. As used in this Paragraph, the term "child care" means the provision of care, treatment, education, training, instruction, supervision, or recreation to children by persons having unsupervised access to a child. The check shall be conducted by the Department of Public Safety and Corrections, division of state police, for a reasonable fee established by the department. As used in this Paragraph, the term "provider" shall include a person who is employed by or volunteers with a child care provider organization. As used in this Paragraph, the term "child care provider organization" shall include but not be limited to "Big Brother/Sister" programs and scouting programs.
La.R.S. 46:51.2(E) requires DSS to establish requirements and procedures consistent with La.R.S. 15:587.1, through which organizations listed in La.R.S. 46:51.2(F) may request specified criminal history information for an employee, candidate for employment, or volunteer in a position of supervisory or disciplinary authority over children within their organizations. La.R.S. 46:51.2(F)(3) authorizes a child provider organization to request this information from the Bureau with the prior written consent of the person whose information is being requested. For purposes of La.R.S. 46:51.2(F)(3), child care means the provision of care, treatment, education, training, instruction, supervision, or recreation to children by persons having unsupervised access to a child, and a child care provider includes a person who is employed by or volunteers with a child care provider organization.
It is the opinion of this office that NOO qualifies as a child care provider organization for purposes of La.R.S. 46:51.2(F)(3) and therefore, pursuant thereto, NOO may request the criminal history information necessary to determine whether its employees, candidates for employment and volunteers in positions of supervisory or disciplinary authority over children have been convicted of or pled nolo contender to any criminal offense. It is further the opinion of this office that NOO will be exposing itself to an increased risk of liability if it does not obtain criminal history information for such persons. *Page 6 
In summary, the Louisiana Child Protection Act of 1986 prohibits certain agencies and entities from hiring persons in positions of supervisory or disciplinary authority over children if have been convicted of or have pled nolo contendere to certain crimes and requires the agencies and entities to obtain criminal history information on such persons. New Orleans Outreach (NOO) is not one of the entities covered by this Act and therefore, is not subject to its prohibition against hiring or requirement to obtain criminal history information, but may request such information as a child care provider organization pursuant to La.R.S. 46:51.2(F)(3) and the failure to do so may expose NOO and any school board with which it contracts to an increased risk of liability.
We trust this addresses your questions. If you have additional questions, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
__________________________ DENISE BROU FITZGERALD Assistant Attorney General
JDC:DBF:lbw
[1] La.R.S. 15:587.1(C). The provisions of R.S. 15:825.3, R.S. 17:15, R.S. 46:51.2 and 1441.13, and Children's Code Article 424.1 shall govern the employment of persons who have been convicted of, or pled nolo contendere to, any of the following crimes: (1)R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41 through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80 through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S. 14:93, R.S. 14:93.2.1, R.S. 14:93.3, crimes of violence as defined in R.S. 14:2(B), sex offenses as defined in R.S. 15:541, R.S. 14:106, R.S. 14:282, R.S. 14:283.1, R.S. 14:284, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S. 40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses; (2) Those of a jurisdiction other than Louisiana which, in the judgment of the bureau employee charged with responsibility for responding to the request, would constitute a crime under the provisions cited in this Subsection; and (3) Those under the Federal Criminal Code having analogous elements of criminal and moral turpitude.